

**Electronically Filed
Intermediate Court of Appeals
29856
23-SEP-2011
08:07 AM**

NO. 29856

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
MIHO HAIGLER, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CRIMINAL NO. 08-1-2327)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding J., Leonard and Reifurth, JJ.)

Defendant-Appellant Miho Haigler ("Miho") appeals from the May 20, 2009 Judgment of Conviction and Sentence of the Family Court of the First Circuit ("Family Court").[1]  Miho was convicted by the Family Court of Harassment under section 711-1106, Hawaii Revised Statutes,[2] and sentenced to six months probation.

On appeal, Miho alleges that the Family Court erred: (1) because there was insufficient evidence to support Miho's conviction because her use of force against her husband, Kevin Haigler ("Kevin"), was justified as self-defense; (2) because there was insufficient evidence to support Miho's conviction

---

[1]    The Honorable William J. Nagle III presided.

[2]        **Harassment.**  (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

    (a)    Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]

HAW. REV. STAT. § 711-1106(1)(a) (Supp. 2010).

where her use of force was justified in defense of her property; and (3) in precluding Miho from introducing evidence of Kevin's prior bad acts which were relevant to Miho's state of mind on the date of the incident.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the Judgment of Conviction and Sentence and resolve Miho's points of error as follows:

(1) There was substantial evidence to negate Miho's claim of self-defense and to support her conviction for harassment.

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.
>
> "Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.

State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007) (brackets omitted) (quoting State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992)).

Kevin testified that he worked two jobs. After returning home from his second job at approximately 10:00 p.m. on December 4, 2008, Kevin observed that the couple's six-month old child, who had been teething for approximately one week, had a fever and appeared irritable, but was under Miho's care. Kevin and Miho argued about the babysitter's fee, with Miho wanting Kevin to pay all of the fee, instead of splitting it 50-50 as they had been doing. Kevin went to his room upstairs and fell asleep.

2

Later that evening, Miho went into Kevin's room (Kevin and Miho were in the process of getting divorced and slept in separate rooms), "yelling, saying that the baby won't go to sleep." Miho "threw" the child at Kevin, saying "You take care of the baby." Kevin took the child and went downstairs and out to the garage. Miho went downstairs and out into the garage. Kevin told Miho that he was not going to pay the babysitter fee, "[a]nd that's when she started clawing me on my arms and my back." He then called the police and went back outside to wait for them.

Police photographs from the evening of December 4, 2008 were introduced at trial, showing Kevin with scratch marks on his right arm and lower back. Kevin denied ever hitting Miho, but alluded to past physical altercations with her.

The Family Court concluded that:

> [T]the court can't find any instance in which [Miho] testified that [Kevin] did anything beyond yell at her. In other words, [Kevin] did not push, shove, kick, punch, or otherwise indicate a physical propensity against her at the time.
>
> . . . .
>
> And very frankly the court simply doesn't buy the idea that the scratches which are depicted in Exhibits 3, 4, and 5 came from a glancing, accidental scraping.

Since there was substantial evidence in support of Kevin's version of the events, the Family Court's conclusion that Miho was not acting in self-defense was not clearly erroneous. *See* *State v. Pereira*, No. 29361, 2009 WL 1763251 (Haw. Ct. App. June 23, 2009) (evidence supported at least three possible reasons for defendant's actions, two of which did not comport with defendant's claim of self-defense; therefore, court's conclusion was not clearly erroneous).

(2) Miho's claim of defense of property was not raised below. "Generally, the failure to properly raise an issue at the trial level precludes a party from raising that issue on appeal." *State v. Hoglund*, 71 Haw. 147, 150-51, 785 P.2d 1311, 1313 (1990).

Even if we were to consider the defense, however, the

Family Court found Miho's version of the events of December 4, 2008 to be less than credible. As an appellate court, we do not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge. *State v. Eastman*, 81 Hawai'i 131, 139, 913 P.2d 57, 65 (1996). In sum, there was substantial evidence to negate Miho's claim of defense of property and to support her conviction for harassment.

(3) The Family Court initially ruled in response to Miho's notice of intent to use evidence of prior bad acts under Hawaii Rules of Evidence ("HRE") Rule 404 that it would allow evidence of the alleged incidents of July 26, 2008 and November 2008 "for the purpose of negating the prosecution's evidence of intent as required in the harassment offense[,]" but that the incidents of "January 2007, June 2007, March 2008 and June 2008 [(the "First Four Incidents")] either are too remote as a matter of probative value and/or are just not relevant to the issue of intent."

It is not clear from the Family Court's statement which of the First Four Incidents it found to be "not relevant to the issue of intent" and which it found were "too remote as a matter of probative value."

> "Prior bad act" evidence under [HRE] Rule 404(b) is admissible when it is 1) relevant and 2) more probative than prejudicial. A trial court's determination that evidence is "relevant" within the meaning of HRE Rule 401 (1993) . . . is reviewed under the right/wrong standard of review. However, a trial court's balancing of the probative value of prior bad act evidence against the prejudicial effect of such evidence under HRE Rule 403 is reviewed for abuse of discretion. An abuse of discretion occurs when the court clearly exceeds the bounds of reason or disregards rules or principles of law to the substantial detriment of a party litigant.

*State v. Fetelee*, 117 Hawai'i 53, 62-63, 175 P.3d 709, 718-19 (2008) (brackets and original ellipses omitted) (quoting *State v. Cordeiro*, 99 Hawai'i 390, 403-04, 56 P.3d 692, 705-06 (2002)).

Generally, evidence of an alleged victim's propensity for violence is relevant to the issue of intent when the defendant has raised the issue of self-defense or defense of property against the victim. *State v. Laferriere*, 945 A.2d 1235,

1236 (Me. 2008) (trial court erred in excluding defendant's testimony during bench trial that victim had been violent with him in the past when defendant claimed self-defense and defense of property); *see also State v. Estrada*, 69 Haw. 204, 214-15, 738 P.2d 812, 820-21 (1987) (trial court erred in excluding evidence of past acts of violence and abuse perpetrated by victim when defendant claimed self-defense). "A defendant claiming self-defense is allowed to introduce evidence of the victim's violent or aggressive character 'either to demonstrate the reasonableness of [defendant's] apprehension of immediate danger or to show that the [victim] was the aggressor.'" *State v. Pascua*, No. 30104, 2011 WL 794448, at *1 (Haw. Ct. App. Mar. 7, 2011) (brackets in original) (citing *State v. Lui*, 61 Haw. 328, 330, 603 P.2d 151, 154 (1979)).

Determining the admissibility of relevant evidence under HRE 403, however, "is eminently suited to the trial court's exercise of its discretion." *State v. Clark*, 83 Hawai'i 289, 302, 926 P.2d 194, 207 (1996) (quoting *Sato v. Tawata*, 79 Hawai'i 14, 19, 897 P.2d 941, 946 (1995)) (internal quotation marks omitted). Here, the Family Court received a detailed description of the evidence prior to trial and allowed Miho to introduce evidence on two of the six incidents. Thereafter, the Family Court permitted cross-examination on two more of the incidents.[3]

To the extent that the Family Court concluded that evidence related to the First Four Incidents was more prejudicial than probative, we cannot say that the Family Court abused its discretion. In addition, any error associated with the Family Court's refusal to allow evidence of the two remaining incidents on the basis of relevance was harmless in light of the ample evidence of prior incidents admitted into the record.

---

[3]     Miho concedes that she was permitted to cross-examine Kevin on the January and June 2007 incidents, but contends that "the court did not indicate that it was rescinding its previous ruling precluding the defense from adducing testimony on those incidents from Miho." Unstated is any reference to Miho pursuing this avenue herself. Having allowed Miho to cross-examine Kevin on the January and June 2007 incidents on the basis that the prosecution opened the door, there was reason to believe that the Family Court might have permitted further examination of Miho on those two incidents.

Therefore,

IT IS HEREBY ORDERED THAT the Judgment of Conviction and Sentence filed on May 20, 2009 in the Family Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, September 23, 2011.

On the briefs:

Emmanuel V. Tipon
(The Tipon Law Firm, LLLC)
for Defendant-Appellant.


Anne K. Clarkin,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge